**In re HYUNDAI MOTOR AMERICA and Nissan North America, Inc., Petitioners,**

**and**

**Ferrari North America, Inc., Maserati North America, Inc., Mitsubishi Motors North America, Inc., Kia Motors, Inc., and Subaru of America, Inc., Withdrawn Petitioners.**

**Misc. No. 818.**

United States Court of Appeals, Federal Circuit.

May 1, 2006.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PROST, Circuit Judge.

### ORDER

Hyundai Motor America and Nissan North America, Inc. (collectively Hyundai) petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to (1) vacate its order granting the motion of Orion IP,

LLC (Orion) to disqualify Hyundai's counsel, Orrick, Herrington & Sutcliffe LLP, and (2) enter an order denying Orion's motion to disqualify.[1] Orion opposes. Hyundai moves for leave to file a reply, with reply attached, Orion opposes.

Orrick represented Orion for two months during Orion's formation and acquisition of the patents-in-suit. During that period, on January 12, 2004, Orion and Orrick met. The parties dispute what occurred at that meeting. Orrick states that Orion was interviewing it to determine whether Orrick would represent Orion in its future patent litigation. Orion states that the parties discussed the possibility of expanding Orrick's relationship with Orion to include using Orrick as its patent litigation counsel and, importantly, that the purpose of the meeting was to discuss Orion's patent litigation and licensing strategies. An exchange of some documents followed. Ultimately, Orion did not choose Orrick to represent it for its patent litigation.

Orion sued, among others, the seven automobile manufacturers who are petitioners here for patent infringement. They are represented by Orrick. Orion moved to disqualify Orrick on the ground that there was a substantial relationship between the subject matter of the former representation and the issues involved in the present suit. At a hearing, the district court noted that there was a dispute "as to what was said, what was offered up, and we have got some disputed facts here." The district court concluded that "the sum total of the evidence" militated toward granting the motion. The district court reviewed the parties' competing declarations concerning the January meeting and relevant documents. A written order followed granting the disqualification motion and finding that there was a substantial relationship between the subject matter of the former and present representations.[2]

In *In re American Airlines, Inc.*, 972 F.2d 605, 609 (5th Cir.1992), the Fifth Circuit held that in reviewing a mandamus petition concerning the disqualification of counsel the appellate court should review findings of fact for clear error while carefully examining the district court's application of relevant ethical standards. A petitioner must show that its right to a writ is clear and indisputable. *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

In order to prevail, Hyundai must clearly and indisputably show clear error in the district court's findings of fact and application of the facts to the law. Hyundai has not carried its burden. This is essentially a factual dispute, which the district court resolved in Orion's favor. The district court held a hearing, considered the competing declarations, and reviewed the pertinent documents. We do not find a basis for overturning those findings.

Accordingly,

IT IS ORDERED THAT:

(1) Hyundai's petition for a writ of mandamus is denied.

---

1. The petition was filed by the seven named petitioners reflected in the caption. Subsequently, Ferrari North America, Inc., Maserati North America, Inc., Mitsubishi Motors North America, Inc., Kia Motors America, Inc., and Subaru of America, Inc. moved without opposition for leave to withdraw. Their motion is granted.

2. The parties have designated most of their papers as confidential. We decline to comment on the merit of those designations. However, we frame the issues in general terms and refrain from discussing the details of their dispute in this order.

(2) Hyundais' motion for leave to file a reply is granted.